# CIRCUIT COURT OF PAGE COUNTY

Commonwealth of Virginia

v.

Bryant Curtis Stewart

July 26, 2006

Case No. 06-00007

BY JUDGE JOHN J. MCGRATH, JR.

This matter came to be heard on July 5, 2006, for trial on the defendant's appeal from the Juvenile and Domestic Relations Court of Page County.

The relevant facts are as follows. On July 20, 2004, the defendant was tried and found guilty of one count of assault and battery in the Juvenile and Domestic Relations Court of Page County. Disposition was deferred and the defendant was ordered to complete restitution and an anger management class. On May 24, 2005, the juvenile court found that the defendant had failed to comply with the terms and conditions of his deferred disposition. Consequently, the court imposed thirty days of detention with all time suspended subject to twelve months unsupervised probation and completion of the anger management class. The matter was set for November 22, 2005, to review the defendant's compliance with the terms and conditions of his probation.

On August 10, 2005, the defendant was indicted in the Circuit Court of Rockingham County on charges of breaking and entering and robbery. He was certified to be tried as an adult. On January 11, 2006, the defendant was tried and found guilty. He was sentenced on May 5, 2006, to a total of 120 years incarceration with all but eleven years suspended.

The defendant returned to the juvenile court in April on a show cause summons that had been issued on February 2, 2006, for failure to comply with the terms and conditions of the thirty day suspended sentence. The defendant filed a motion to dismiss, arguing that the juvenile court lacked jurisdiction to impose the thirty day sentence once he has been tried and convicted on unrelated charges as an adult. By order dated April 7, 2006, the juvenile court held that it had jurisdiction and ordered the defendant to serve the original thirty day detention sentence. The sentence was to be served in an adult jail due to his prior treatment as an adult.

The defendant appealed to this Court where he renewed his argument that the show cause summons should be dismissed for lack of jurisdiction.

Section 16.1-271 of the Code of Virginia, 1950, as amended, provides in relevant part:

> Any juvenile who is tried and convicted in a circuit court as an adult under the provisions of this article shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts and any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.

Contrary to the defendant's assertions, the assault and battery charge at issue is neither a "future criminal act" nor a "pending allegation of delinquency" that had not been disposed of by the juvenile court at the time of his conviction as an adult in the circuit court. The defendant's guilt had already been adjudicated when he was indicted and tried as an adult in Rockingham County. The charge was disposed of by the juvenile court on May 24, 2005, when he was found guilty and sentenced. A sentence imposed upon revocation of probation is an "authorized part of the original sentence." *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996). The juvenile proceedings subsequent to his conviction in the circuit court were simply an exercise of the court's inherent authority to enforce its orders.

The Court finds that the defendant violated the terms and conditions of his probation. It is hereby adjudged, ordered, and decreed that the defendant shall serve the original sentence of thirty days detention in an adult facility. The Clerk is requested to send an attested copy of this Opinion and Order to counsel of record.